IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL,
ADC #104136                                                                                   PLAINTIFF

v.                                      5:10CV00030JMM/JTK

DR. ROBERT RECTENWALD, et al.                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

>   3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on motion to dismiss filed by defendants Kelley, Gibson, Ewell, Hughes, and White (hereinafter referred to as the ADC defendants) (Doc. No. 33). Plaintiff filed responses to the motion (Doc. Nos. 36, 39).

Plaintiff is an inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging rape, failure to protect and denial of due process. Specifically, plaintiff alleges he was escorted to the Unit Infirmary in July, 2009, to be examined for his complaints associated with rectal pain. Defendants Ewell and Hughes accompanied him into the examining room where he was examined by defendant Dr. Rectenwald. Plaintiff alleges he specifically told defendant Rectenwald to examine him visually only, and not to stick anything up the plaintiff's rectum. Plaintiff alleges he was sexually violated by defendant Rectenwald when he alleged stuck his finger in plaintiff's rectum, over plaintiff's protests, and that defendants Ewell and Hughes failed to protect him from this harm when he yelled to defendant

Rectenwald to stop his actions. Plaintiff also alleges defendants Ewell and Hughes laughed at him during the incident. Finally, plaintiff alleges defendants Kelley, Gibson, and White violated his Fourteenth Amendment due process and equal protection rights when they failed to require defendant Rectenwald to submit to a voice stress analysis test in conjunction with the investigation over plaintiff's complaints about defendant. Plaintiff also alleges defendant White promised him he could be transferred to the general population area of the Unit.

## II. Motion to Dismiss

A. Defendants' Motion

In support of their motion, defendants state any allegations against them in their official capacities should be dismissed pursuant to sovereign immunity. In addition, defendants Ewell and Hughes state plaintiff's allegations against them concerning their conduct in the examination room should be dismissed, because since verbal threats and name-calling are not constitutional violations, attempts to laugh should also not be considered violations, citing Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985), and McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993). Defendant White states that any claim against him for failing to place plaintiff in the general population area of the prison should be dismissed because plaintiff does not have a constitutional right to be housed in a particular barracks or unit of his choice, citing Meachum v. Fano, 427 U.S. 215 (1976). Finally, defendants Gibson and Kelley state plaintiff's allegations against them for failing to require that a voice stress analysis test be performed on defendant Rectenwald as set forth by ADC procedures, fail to state a constitutional claim for relief. Defendants cite in support Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001), where the court held that an allegation that prison officials failed to follow administrative regulations did not state a constitutional claim for relief.

B.  Plaintiff's Responses

In his responses, plaintiff restates his allegations against defendants, that the ADC Prison Rape Elimination Act (PREA) policy and procedure provides for the use of voice stress analysis tests in order to determine the truth of allegations. Plaintiff states defendants' failure to abide by this policy violated his due process and equal protection rights.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

Initially, the Court notes that plaintiff's claims for monetary damages against defendants in their official capacities are barred by sovereign immunity.  Will v. Michigan Dep't. Of State Police, 491 U.S. 58, 65-66 (1989).  Furthermore, any allegations against defendants Hughes and Ewell

concerning their attempts not to laugh at plaintiff during the examination, also do not state a claim for relief. See King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997). However, defendants do not address plaintiff's claims against defendants Ewell and Hughes, that they failed to protect him from harm when they did not attempt to stop defendant Rectenwald from his alleged improper actions against plaintiff. Therefore, the Court finds that plaintiff does state a claim for relief against these two defendants for failure to protect.

The Court finds that plaintiff's allegations against defendants Kelley, Gibson and White should be dismissed, for failure to state a claim. First, to the extent that plaintiff complains about his housing assignment, plaintiff does not have a constitutional right to be housed in a particular area of the prison. In Cornell v. Woods, 69 F.3d 1383, 1387 (8th Cir. 1995), the Court noted that a prisoner enjoys no constitutional right to remain in a particular institution. Absent further allegations concerning the conditions of his confinement, therefore, the Court finds that plaintiff does not state a claim for relief.

With respect to plaintiff's allegations that defendants failed to follow ADC policies and procedures, such also fail to state a claim for relief. In Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993), the Court stated, "without more, the mere violation of a state law or rule does not constitute a federal due process violation....The simple specification of a particular procedure does not create a Fourteenth Amendment liberty interest."

Finally, the Court finds that plaintiff does not have a constitutional right to the use of a voice stress analysis test in conjunction with an investigation into his complaints against defendant Rectenwald. In Freitas v. Auger, 837 F.2d 806, 812 n. 13 (8th Cir. 1988), the Court noted that plaintiff did not have a right to take a polygraph examination in conjunction with disciplinary

charges filed against him.    In addition, in Boyd v. Anderson, 265 F.Supp.2d 952, 962 (N.D.Ind. 2003), the Court held that the  defendant prison officials did not deny an inmate's due process and equal protection rights when they refused to provide him with a voice stress analysis examination. See also King v. Arkansas Department of Corrections, 2008 WL 4079312 (E.D.Ark.), where the Court held that the Arkansas Voice Stress Analysis Examiner statute does not create a Fourteenth Amendment liberty interest.

In conclusion, the Court finds defendants' motion to dismiss should be granted in part with respect to defendants Kelley, Gibson and White, and denied with respect to plaintiff's failure to protect allegations  against defendants Hughes and Ewell.  Accordingly,

IT IS, THEREFORE, ORDERED that the motion to dismiss filed by defendants Kelley, Gibson, Ewell, Hughes, and White, is GRANTED in part, with respect to plaintiff's allegations against defendants Kelley, Gibson, and White, and DENIED with respect to plaintiff's allegations of failure to protect against defendants Ewell and Hughes.

IT IS SO ORDERED this 17th  day of June, 2010.

_____
United States Magistrate Judge