IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL,
ADC #104136                                                                                      PLAINTIFF

v.                                              5:10CV00030JMM/JTK

DR. ROBERT RECTENWALD, et al.                                              DEFENDANTS

ORDER

This matter is before the Court on Plaintiff's motions for Order (Doc. No. 56), for

Sanctions and to Dismiss Party (Doc. No. 64), and on Defendants' Joint Motion for Sanctions

(Doc. No. 74).  Initially, the Court notes that Plaintiff's Motion for Sanctions and to Dismiss

Party is actually a response to Defendants' Motion for Sanctions.

1) Motion for Order - In this motion, Plaintiff asks to amend his complaint to add as a

defendant Billy Straughn, the newly-administered Warden of the Maximum Security Unit,

based on the fact that Straughn signed a response to a  grievance Plaintiff filed concerning the

incident in question.  The Court can not determine from Plaintiff's motion whether plaintiff's

allegations against this proposed defendant state a claim for relief, and therefore, absent a

proposed amended complaint, the Court will deny Plaintiff's motion.

2) Motion for Sanctions - Defendants ask for sanctions to be assessed against Plaintiff,

based on the prior filing of his Motion to Amend (Doc. No. 42).  Defendants state, pursuant to

Fed.R.Civ.P. 11(c)(2), they forwarded this motion to Plaintiff,  requesting that he withdraw the

Motion to Amend.  However, in light of his failure to withdraw that Motion, Defendants ask

for sanctions, stating Plaintiff's filing was designed to harass the Court, Defendants, and

Defendants' counsel.  Defendants state the motion is profanity-laden, attacks the ADC counsel

based on her gender, and describes prior and future actions of violence against ADC Defendants

associated with this litigation.  As sanctions, Defendants ask the court to admonish Plaintiff,

remove his in forma pauperis status, and dismiss the lawsuit.

Plaintiff responds in a document docketed as a "Motion for Sanctions and to Dismiss," which the Court will direct be re-docketed as his response.  In this, Plaintiff denies threatening ADC employees, and "only expressed astonishment and disbelief that a female (ADC counsel) would contest a claim of sexual abuse."  Plaintiff states he will not withdraw the document and believes Defendants' motion was intended to threaten the Plaintiff.

Having reviewed the Plaintiff's filing and the Defendants' motion, the Court finds the motion should be granted only to the extent that this Court will admonish the Plaintiff that it will not tolerate future  profanity-laden filings or documents intended to harass or intimidate.  Should Plaintiff continue to file such documents, the Court will reconsider a future motion for sanctions.  Accordingly,

IT IS, THEREFORE, ORDERED that:

1) Plaintiff's Motion for Order (Doc. No. 56) is hereby DENIED without prejudice.

2) Plaintiff's Motion for Sanctions and to Dismiss (Doc. No. 64) shall be re-docketed as a response to the Defendants' Joint Motion for Sanctions (Doc. No. 72), and removed from the pending motions list.

3) Defendants' Motion for Sanctions (Doc. No. 72) is GRANTED in part, with respect to their request for admonishment, and DENIED in all other respects.  Plaintiff is hereby directed to refrain from filing future documents which include profanity or threats, or which are frivolous and designed to intimidate and harass.  Plaintiff is hereby reminded of Fed.R.Civ.P. 11(b) which provides that by signing, filing, submitting or advocating a pleading, motion or other paper, an attorney or unrepresented party certifies that the document is not presented for any improper purpose, does not assert nonfrivolous arguments, and is supported by evidence.

2

IT IS SO ORDERED this 6th day of August, 2010.

                                                      _____

                                                      UNITED STATES MAGISTRATE JUDGE