IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL,
ADC #104136                                                                                          PLAINTIFF

v.                                    5:10CV00030JMM/JTK

DR. ROBERT RECTENWALD, et al.                                                          DEFENDANTS

ORDER

This matter is before the Court on Plaintiff's motions to amend and for reconsideration (Doc. No. 92), and on Defendants' motions to take Plaintiff's deposition (Doc. Nos. 100, 102). Defendants filed a response in opposition to Plaintiff's motions (Doc. No. 99).

In Plaintiff's motion to amend, he asks to amend his complaint to add as a defendant, Warden Billy Straughn. Specifically, Plaintiff alleges Straughn failed to comply with an Arkansas Department of Correction (ADC) regulation when responding to Plaintiff's grievance, and found the grievance without merit. Plaintiff also claims Straughn signed disciplinary extensions in violations of ADC regulations and assigned Plaintiff to a single man cell. Defendants oppose Plaintiff's motion, noting that his allegations against Straughn do no state claims upon which relief can be granted as a matter of law.

The Court finds Plaintiff's motion to amend should be denied. An alleged violation of ADC policy or regulation does not state a Constitutional claim. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). In addition, Plaintiff does not have a constitutional right with respect to a prison grievance procedure, and Straughn's actions in signing a grievance does not create liability under § 1983. See Buckley v. Barlow, 997 F.2d 494, 495-6 (8th Cir. 1993). Finally, an inmate does not have a right to be placed in the cell of his choice. Hewitt v. Helms, 459 U.S. 460, 468 (1973). Furthermore, this allegation against Straughn is totally unrelated to the claims asserted in Plaintiff's complaint against the other Defendants.

Plaintiff also asks to amend his complaint to assert a jury demand. A party may demand

a jury trial by serving a demand in writing no later than fourteen days after the service of the last pleading directed to such issue. Fed.R.Civ.P. 38(b). A last pleading is generally an answer to a complaint, and in the case of multiple parties, is the last pleading by any party on a common issue. See Bentler v. Bank of America National Trust and Savings Association, 959 F.2d 138 (9th Cir. 1992). In this case, Defendant Rectenwald filed his answer on April 19, 2010 (Doc. No. 16). However, the Court finds no record of an answer, or responsive pleading filed on behalf of Defendants Ewell and Hughes. Therefore, since Plaintiff filed his motion prior to the last pleading filed by Defendants Ewell and Hughes, the Court finds the request for a jury demand should be granted.

Plaintiff's motion for reconsideration of the August 6, 2010 Order denying his motion for order is denied, for the reasons set forth in that Order and in this Order addressing his motion to amend.

Defendants' motions to take Plaintiff's deposition, pursuant to Fed.R.Civ.P. 30(a)(2) will be granted. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's motion to amend (Doc. No. 92) is GRANTED in part, with respect to Plaintiff's jury demand, and DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration (Doc. No. 92) is DENIED.

IT IS FURTHER ORDERED that Defendants' motions to take Plaintiff's deposition (Doc. Nos. 100, 102) are hereby GRANTED.

IT IS SO ORDERED this 10th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE