**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JESSIE HILL,                                                                                            PLAINTIFF
ADC #104136

v.                                          5:10-cv-00030-JMM-JTK

ROBERT RECTENWALD, et al.                                                           DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motions to Appoint Counsel, to Compel and for Sanctions, and to Withdraw (Doc. Nos. 142, 148, 152). Defendants have filed Responses to the Motion to Compel and for Sanctions (Doc. Nos. 155, 156).

1.      Motion for Counsel (Doc. No. 142) - While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's motion should be denied at this time. Plaintiff's claims are not legally or factually complex, and the record demonstrates Plaintiff is capable of proceeding without the benefit of appointed counsel.

2.      Motion to Compel/for Sanctions (Doc. No. 148) - Plaintiff asks the Court to Order Defendants to respond to discovery requests submitted to them, as ordered by the Court on

December 7, 2010. Plaintiff states in his supporting brief (Doc. No. 149) that he filed motions for discovery on December 21, 2010 and January 11, 2011, and that Defendants have refused to provide the requested discovery items. Plaintiff also asks the Court to award sanctions from Defendants.

Defendants Hughes and Ewell respond to the Motion (Doc. No. 155), that the October 20, 2010 Scheduling Order set a discovery deadline of January 12, 2011, and that discovery must be filed in time to allow responses before that date (Doc. No. 115). Defendants state Plaintiff failed to comply with that Scheduling Order and that his requests are untimely. Defendants also note they have responded to Plaintiff's prior discovery requests, and that the additional documents sought by Plaintiff in his latest requests are not timely or relevant, and pose security risks. Defendants state Plaintiff's requests for post orders, security logs, employee conduct standards and an employee handbook pose obvious security concerns. In addition, Plaintiff's request for security tapes from January, 2011 are irrelevant to the incident at issue in Plaintiff's Complaint, which occurred in July, 2009. Defendants also state Plaintiff can review his medical files upon completing the proper request, and note that statements requested from CO Iris McBride, Defendants Hughes and Ewell, are found in their affidavits which are attached to Defendants' Motion for Summary Judgment .

Defendant Rectenwald responds to the Motion (Doc. No. 156), stating that Plaintiff misinterpreted the Court's December 7, 2010 Order, and that the Court did not Order Defendants to respond to discovery requests at that time, but rather, instructed Plaintiff on the appropriate method of requesting discovery. Rectenwald agrees with the other Defendants that Plaintiff's latest discovery requests are untimely and attaches a copy of a letter written to Plaintiff explaining that he previously responded to 22 interrogatories and would object to any further requests which exceed the limit of 25.

Initially, the Court finds that it did not order Defendants to comply with Plaintiff's discovery

2

requests in its December 7, 2010 Order. In addition, the Court finds that the discovery requests at issue in the current Motion are untimely, irrelevant, and pose security risks. This case is currently set for a Pre-Jury Evidentiary Hearing on March 8, 2011. Any further discovery prior to that date is untimely. In addition, Plaintiff's request for sanctions is unfounded and borders on harassment. The Court does note that Plaintiff claims that he has been denied access to reviewing his medical records. Assuming that he properly submits a request to review the records in the future, Defendants are instructed to ensure that he receives an opportunity to review them prior to the Pre-Jury Hearing.

3.      Motion to Withdraw (Doc. No. 152) - Plaintiff asks the Court to withdraw page 13 from his brief, submitted on January 20, 2011. The Court will grant this request, to the extent that it will disregard that page in his brief.   Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. No. 142) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel and for Sanctions (Doc. No. 148) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Withdraw a page from his Response (Doc. No. 152) is GRANTED.

IT IS SO ORDERED this 14th day of February, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE